UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERMYKAEL JENKINS, SR.,

      Plaintiff,

v.                                  Case No:  2:19-cv-842-FtM-29NPM

LEE COUNTY SHERIFF'S OFFICE, ANTHONY COLLINS, Confidential informant, UNKNOWN DETECTIVE, Undercover, and UNKNOWN DETECTIVE, Supervising detective,

      Defendants.

## ORDER

This matter comes before the Court on sua sponte review of the file. Plaintiff, incarcerated in the Florida Department of Corrections, filed this Civil Rights Complaint under 28 U.S.C. § 1983 on November 25, 2019. (Doc. #1). Based on the Complaint's filing date it appears the statute of limitations has run on Plaintiff's claims. The Court directed Plaintiff to show cause why his claim should not be dismissed. (Doc. #15). Plaintiff timely responded that he was not advised that his constitutional rights were violated during the 2014 sting operation until 2019 after he was incarcerated on another charge. (Doc. #18). The Court construes Plaintiff's argument as one for equitable tolling

of the statute of limitations.  Plaintiff's argument is unpersuasive.

Because Plaintiff seeks leave to proceed in forma pauperis (Doc. #2), the Court must review his Complaint under 28 U.S.C. § 1915(e).  The Prison Litigation Reform Act permits a court to sua sponte dismiss a prisoner's complaint before service.  28 U.S.C. § 1915A(a).  Grounds which warrant a sua sponte dismissal include a finding that the complaint is frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(b)(1)&(2).  A claim is frivolous where it is apparent from the face of the complaint the allegations are "clearly baseless" or the "legal theories are indisputable meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is also frivolous where the defendant is immune from suit. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

I.

Plaintiff asserts that unknown officers and confidential informant Anthony Collins illegally entered his home with video and audio equipment to record him selling drugs. Plaintiff names the Lee County Sheriff's Office (LCSO), an Unknown Detective in state court case 14-cf-016932, the Unknown Lead Detective in state

court case 14-cf-016932, and Confidential Informant Anthony Collins as Defendants..[1]

Plaintiff asserts that in April 2014, Collins and the unknown Lee County Detectives were conducting an undercover sting operation on a house in the Pine Manor neighborhood in Fort Myers, Florida.[2]  The targeted house was located across the street from Plaintiff's residence on Sago Avenue. (Doc. #1 at 5).  Plaintiff went to notify Collins the residents no longer lived in the house. (Doc. #1 at 6).  Defendants then approached Plaintiff and asked him to sell them crack cocaine.  Plaintiff alleges Defendants asked him to sell them crack cocaine because of his physical appearance as a black African descent male with dreadlocks living in a known drug community.  (Doc. #1 at 5).  Plaintiff states Defendants returned with him to his residence and made the video and audio recordings of the drug transaction without a warrant. (Doc. #1 at 5).

Plaintiff also complains that in June 2014, the doors of his residence were kicked in by police, he was arrested, and his children were taken into custody by the Department of Children and Families.  (Doc. #1 at 7).  Plaintiff claims he suffered lower

---

[1] The Lee County Sheriff's Office was dismissed by the Court

[2] A review of Plaintiff's state court records show that the Defendants ran the undercover sting operation on May 13, 2014. The statute of limitations deadline calculation is based upon the May 13, 2014 date.

back injuries during the arrest which bothered him through the years of his incarceration.  (Doc. #1 at 7).

II.

Plaintiff sues Defendants under the Fourth Amendment for an Invasion of Privacy claim, the Fifth Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the Eighth Amendment for cruel and unusual punishment. Plaintiff also alleges a Fourteenth Amendment claim for racial profiling.

Based on the Complaint's filing date the statute of limitations expired on Plaintiff's claims.  The statute of limitations for a § 1983 cause of action is that "which the State provides for personal-injury torts."  Hayward v. Lee Cty. Sheriff's Office, No. 2:14-CV-244-FTM-29MRM, 2017 WL 2834771, at *3 (M.D. Fla. June 30, 2017) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007) (citation omitted)).  "All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Boyd v. Warden, 856 F.3d 853, 872 (11th Cir. 2017).  In Florida, the statute of limitations for personal injury actions is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of

deprivations of rights under 42 U.S.C. [§] 1983. . . .") (citation omitted).

While state law governs the length of the statute of limitations in § 1983 cases, federal law determines when the § 1983 cause of action accrues, and therefore when the statute of limitation expires. Neelley v. Walker, 677 F. App'x 532, 535 (11th Cir. Jan. 25, 2017) (citation omitted). "Under federal law, which governs the date of accrual, the statute of limitations begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Betts v. Hall, 679 F. App'x 810, 812 (11th Cir. Feb. 9, 2017) (quoting Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)).

The alleged illegal video and audio recordings took place on May 13, 2014. (Doc. #1 at 5). The statute of limitations ran from the date of the recordings. See Hayward, 2017 WL 2834771, at *3 (finding that the statute of limitations began when the illegal stop and search of the automobile occurred). As Florida has a four-year statute of limitations on torts, the statute of limitations expired on May 13, 2018. Plaintiff filed this case on November 25, 2019, over a year and a half after the statute of limitations expired on his constitutional claims. As a result, Plaintiff's claims for the video and audio recordings are due to be dismissed.

Plaintiff also alleges a racial profiling claim under the Fourteenth Amendment. Plaintiff states after informing Defendants that the targets of the drug sting were no longer living in the targeted house, Defendants approached him about selling crack cocaine. (Doc. #1 at 5). Defendants asked if he could sell them crack cocaine because he is a black male of African descent, with dreadlocks, and living in a high drug trafficking neighborhood.

Plaintiff's racial profiling claim accrued when Defendants asked him if he sold crack cocaine based on his physical appearance. Betts, 679 F. App'x at 812. The incident occurred on May 13, 2014. (Doc. #1 at 5). Since Plaintiff did not file this claim until November 19, 2019, his racial profiling claim is also barred by the four-year statute of limitations.

Plaintiff also claims that officers of the Cape Coral SWAT Task Force injured his back during his arrest. (Doc. #1 at 7). The Court takes judicial notice of Plaintiff's state court records, which show the LCSO arrested Plaintiff at his Sago Avenue residence in Fort Myers on June 25, 2014. As these claims in Plaintiff's Complaint were filed over four years after they accrued, the Court concludes that Plaintiff's claims are barred by the statute of limitations. See Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010).

III.

Because Plaintiff's stated that he did not know his constitutional rights had been violated until 2019, the Court must determine whether the statute of limitations should be tolled. To warrant equitable tolling, a party must generally prove that he pursued his rights diligently and that extraordinary circumstances prevented him from filing a timely complaint. Salley v. Goldston, 727 F. App'x 981, 984 (11th Cir. 2018). Plaintiff bears the burden of showing that such extraordinary circumstances exist. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (citing Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993)). In determining whether a plaintiff meets this burden, the Court must remember that "[equitable] tolling is an extraordinary remedy which should be extended only sparingly." Id. (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

A review of the Court's records shows Plaintiff previously filed three actions 2:08-cv-216, 2:08-cv-407, and 2:09-cv-513 alleging that police officers violated his constitutional rights. Plaintiff's previous filings show he was familiar with his constitutional rights and the process for proceeding without a lawyer in federal court. Thus, Plaintiff's actions show he lacked the due diligence required to invoke equitable tolling. While Plaintiff argues that he was incarcerated from 2015 through 2018, nothing prevented him from suing from prison. Thus, Plaintiff

failed to show the required due diligence or extraordinary circumstances that prevented him from filing a timely complaint. The four-year statute of limitation under Florida law is not equitably tolled and Plaintiff's case is barred.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Shermykael Jenkins, Sr.'s case is **DISMISSED with prejudice**.

2. The Clerk will enter judgment accordingly, terminate any pending motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of October 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Counsel of Record